**UNITED STATES ex rel. BARILLA v. UHL, District Director of Immigration and Naturalization at Port of New York.**

District Court, S. D. New York.
May 22, 1939.

Milton J. Meltzer, of New York City, for relator.

John T. Cahill, U. S. Atty., of New York City (Clifford H. Rich, of New York City, of counsel), for respondent.

CONGER, District Judge.

The relator has been ordered deported under the provisions of Section 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, in that he, an alien, has been sentenced subsequent to May 1, 1917 to imprisonment more than twice for a term of one year or more for the commission subsequent to entry, of a crime involving moral turpitude; to wit, assault second degree and assault second degree.

The relator had two hearings, one on November 17, 1936 and the other on November 26, 1936, both conducted at Auburn State Prison where the relator was incarcerated.

The testimony taken on said hearings showed that the relator was born in Italy; that he came to the United States when very young; that he had departed from the United States on several occasions; that he again entered the United States when he was thirteen years of age and again on April 16, 1917; that on this last entry, he was returning from a short visit to Curacoa where he had gone for a vacation.

That he last entered the United States when he was returning from overseas service in the United States Army where he had been serving during the World War.

That on June 13, 1930 he was convicted in the County Court of Kings County, New York, and pleaded guilty to the crime of assault in the second degree and sentenced to the New York State prison at Sing Sing for a term of not less than two and one-half years or more than five years.

That on the 13th day of November, 1935 in the County Court of Bronx County, relator was convicted of the crime of assault in the second degree and sentenced to a state prison for a term of five years.

If the relator is an alien, there can be no doubt that there is ground for deportation under Section 19 of the Immigration Act of 1917.

The relator claims, however, that he is a citizen and, therefore, that he is not subject to deportation, or at least under his claim of citizenship, he is entitled to a judicial inquiry upon the issue of his citizenship.

The relator's contention is that while he was serving in the United States Army overseas, he became a citizen pursuant to Title 8 U.S.C.A. § 390.

The references I find in the record prior to the order of deportation are as follows: On May 13, 1936 at Auburn Prison, when examined by an immigration officer, he made the following claim:

"Q. Of what country are you a citizen? A. United States.

"Q. On what do you base your claim to United States citizenship? A. I was sworn in as a citizen of the United States in France after the Armistice was signed. I served in the United States Army."

The relator then gave the details of his overseas service which he said was from April 13, 1917 to June 4, 1919. He further stated that he had no naturalization certificate.

Again, at the hearing on November 17, 1936, the relator stated in response to a question, as follows: "A. I will stand pat on my rights because I have always considered myself a citizen of the United States."

So now the question arises whether or not these statements, which is all that seems to be in the record, are sufficient to at least afford the relator a judicial inquiry on the question of his citizenship, and whether or not, having been apprised of the claim as above set forth, the government authorities were justified in making their ruling that the relator was an alien.

The relator offered no further evidence and made no suggestion that he had any to offer. He had no naturalization certificate and offered no papers or documents of any kind to substantiate his claim.

This is simply a bare claim of citizenship. I think that the order of the immigration authorities was correct and proper.

There are cases cited in support of his contention that there should be a judicial inquiry here as to his citizenship, but those cases all state that in addition to the claim of citizenship there was substantial proof offered and that the claim of citizenship in the cases quoted was supported by evidence sufficient, if believed, to entitle them to a finding of citizenship. The phraseology used is "some substantial evidence in support of their claims of citizenship". In this case there is nothing except the bare claim, unsubstantiated by any evidence.

True, the burden is upon the government of proving alienage (United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221), but I think the burden has been met by the government, because the relator here was born in Italy and was an alien when he entered the country and on several of his re-entries to this country he was still an alien and this status is presumed to have continued until the contrary is established. Hauenstein v. Lynham, 100 U.S. 483, 25 L.Ed. 628.

Naturalization is a judicial act and it may not ordinarily be proved by parol evidence. The relator's unsupported statement is not sufficient to overcome the presumption of continued alienage. United States ex rel. Meyer v. Day, 2 Cir., 54 F.2d 336. The situation under which the relator claims to have been naturalized permitted an individual in the United States Army in France to file a petition for naturalization without appearing in person. It does not, however, dispense with the requirement that such petition should be filed with the proper court and merely making out the application or petition or handing it to the immigration authorities is not compliance with the statute.

Under all the circumstances, there being only a claim without "substantial evidence" to support it, I am of the opinion that the relator is not entitled to a judicial inquiry, and that therefore the writ should be dismissed. Submit order on notice.