**Lawrence Lester SHINKO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22986.**

United States Court of Appeals
Ninth Circuit.

March 4, 1969.

Charles M. Dresow (argued), San Francisco, Cal., for appellant.

Harvey L. Ziff (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., David P. Bancroft, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

■ The question presented by this appeal is whether a confession made by appellant to an FBI agent (after full *Miranda* warnings and a written waiver of the Fifth Amendment privilege) was involuntary. During trial to the court without a jury a full hearing was afforded on this contention and the court's conclusion was that the confession was voluntary. Our own review of the record confirms this determination. Davis v. North Carolina, .384 U.S. 737, 741–742, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1962).

■ The confession is attacked upon two grounds:

1. That it was given while appellant was under the influence of a tranquilizer, Thorazine, administered to him three and one half days earlier when he was undergoing withdrawal from heroin. There is nothing in the record to suggest that at the time of his confession the effects of the drug continued to any extent at all, to say nothing of a suggestion that they were such as to undermine his will or affect his understanding.[1]

■ 2. That the confession was tainted by the fact that four days earlier appellant had given a confession to a state officer and that the state confession was involuntary since, at the time, he was suffering withdrawal from heroin.

We note first that the record shows that no withdrawal symptom manifested itself until after the confession was given.

Furthermore, appellant's reliance upon Westover v. United States, *sub nom.* Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is misplaced. Here the interrogation by the FBI was separated in time and place from the state interrogation. Any coercive taint attaching to the state interro-

---

1. Appellant relies upon In re Cameron, 68 Cal.2d 487, 67 Cal.Rptr. 529, 439 P.2d 633 (1968), for its holding that a confession obtained from a suspect while he was under the influence of Thorazine was involuntary. The facts are quite different. There the dose was a massive one, six to twelve times the normal amount. Cameron was intoxicated at the time the dose was administered and this had the effect of increasing and prolonging the effect of the drug. The confession was given less than a day after the injection. In *Cameron*, further, medical testimony showed that the tranquilizing effect of a normal dose of Thorazine wears off in eight hours. Here, Shinko was not intoxicated. There is nothing to show that the dosage was other than normal. The time lapse between dose and confession was three and a half days.

gation was effectively dispelled.[2] Any tendency (less than coercion) that the earlier confession may have had to induce appellant to forego his Fifth Amendment privilege was fairly offset by the giving of the *Miranda* warnings.

Judgment affirmed.

---

2. In *Westover* the court stated, 384 U.S. at pages 496–497, 86 S.Ct. at page 1639: "A different case would be presented if an accused were taken into custody by the second authority, removed both in time and place from his original surroundings, and then adequately advised of his rights and given an opportunity to exercise them. But here the FBI interrogation was conducted immediately following the state interrogation in the same police station—in the same compelling surroundings. Thus, in obtaining a confession from Westover the federal authorities were the beneficiaries of the pressure applied by the local in-custody interrogation. In these circumstances the giving of warnings alone was not sufficient to protect the privilege."