**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Leroy READ, Defendant-Appellant.**

**No. 23070.**

United States Court of Appeals Ninth Circuit.

May 7, 1969.

Edwin A. Adamson (argued), Las Vegas, Nev., for appellant.

Joseph L. Ward (argued), U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, JERTBERG, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Defendant contends that his conviction under the Dyer Act, 18 U.S.C. § 2312, should be reversed because the trial court erred in denying his motion to suppress his oral confession to an FBI agent.

The motion to suppress was based on two grounds. The first was that defendant's confession to the FBI agent was inadmissible under Westover v. United States, 384 U.S. 436, 494–497, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because it followed a confession obtained the day before by local police officers without first giving the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.

Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). See United States v. Pierce, 397 F.2d 128, 130–131 (4th Cir. 1968); Evans v. United States, 375 F.2d 355, 360–361 (8th Cir. 1967). The second ground was that because of defendant's physical and emotional condition he was incapable of voluntarily and intelligently waiving his Fifth Amendment rights at either interrogation.

As presented to the trial court, the first ground depended upon the resolution of a single factual issue. Defendant asserted in his motion papers and at the evidentiary hearing that a local officer delivered the *Miranda* warnings and secured defendant's waiver only *after* first obtaining defendant's first confession. The government asserted, and the officer testified, that the warnings and waiver preceded the confession. The trial court did not make a specific finding resolving the conflict.

A defendant challenging the admissibility of a confession in the trial court has a right to "the resolution of disputed facts upon which the voluntariness issue may depend." Jackson v. Denno, 378 U.S. 368, 391, 84 S.Ct. 1774, 1788, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). This is equally true where the issue is waiver. Thus, it is always advisable for the trial court to make explicit findings reflecting the specific facts upon which the trial court relies in determining the admissibility of a confession or the waiver of rights. Such findings are invariably helpful on appellate review. Their ommission may compel reversal or remand. *E. g.*, Camacho v. United States, 392 F.2d 575 (9th Cir. 1968). *See also* Jackson v. Denno, *supra*, 378 U.S. at 378 n. 8, 390–391, 84 S.Ct. 1774; Javor v. United States, 403 F.2d 507, 509–511 (9th Cir. 1968); Evans v. United States, *supra*, 375 F.2d at 359–360; Hutcherson v. United States, 122 U.S.App.D.C. 51, 351 F.2d 748, 755 (1965). At a minimum, the trial court's findings on essential factual issues must, in the language of Jackson v. Denno, *supra*, 378 U.S. at 378 n. 8, 84 S.Ct. 1774, be "ascertainable from the record."

In this case we think it is clear from the record that the essential specific finding was necessarily implicit in the trial court's general finding that the evidence did not support defendant's allegations and that the second confession was freely and voluntarily given. The trial court clearly understood defendant's first ground and clearly rejected it; and, as noted, as presented to the trial court this ground rested entirely upon the single simple issue of fact in question. We note that defendant has not argued to the contrary on appeal. Indeed, defendant has not contended in this court that the motion to suppress should have been granted on the *Westover* ground.

The second ground asserted by defendant in support of his motion involved conflicting testimony as to his emotional and physical condition at the time the confessions were taken. Again, though specific factual findings should have been made, we are satisfied from the record that the trial court's general finding necessarily required a consideration of the factual conflicts and their resolution against defendant's position. *See* Boulden v. Holman, 394 U.S. 478, 479, n. 1, 89 S.Ct. 1138, 1139, 22 L.Ed.2d 433 (1969).

We have examined the record as a whole and arrived at an independent determination of this issue, as we are required to do. Boulden v. Holman, *supra*; Davis v. North Carolina, 384 U.S. 737, 741–742, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Spano v. New York, 360 U.S. 315, 316, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959); Shinko v. United States, 408 F.2d 361 (9th Cir. 1969). We conclude that defendant's waiver and confession were intelligently and voluntarily given.

Defendant asserts for the first time here that his confession was also inadmissible because obtained during a period of unlawful detention before arraignment for which federal authorities are chargeable under the doctrine of Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1943). The

contentions he relies on to support this argument involve issues of fact and law which were neither raised, developed, nor resolved in the trial court. We therefore need not, and do not, reach this question. See Spahr v. United States, 409 F.2d 1303, 1309 (9th Cir. 1969).

Affirmed.