**UNITED STATES of America,**
**Appellee,**

v.

**Gordon ALLEN, Jr., Appellant.**

**No. 71-1062.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1972.

**510**

Donald B. Marks, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., Tom G. Kontos, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY, WRIGHT, and CHOY, Circuit Judges.

PER CURIAM:

 In a nonjury trial, Allen was convicted of having transported an automobile in interstate commerce, knowing the same to have been stolen. 18 U.S.C. § 2312. In this appeal two claims of error are presented. The first relates to certain incriminating statements made by Allen to a federal law enforcement official after Allen's arrest and after he had been adequately warned of his right to remain silent. The court properly permitted the officer to testify as to the statements made by Allen, but Allen, relying principally upon Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L. Ed. 101 (1954), contends that there was no independent corroborating evidence of his statements and, hence, that his conviction cannot stand upon the basis of those statements alone. Such corroborative evidence as may be necessary in such a situation need not, of itself, be sufficient to support conviction. It suffices that it is sufficient to establish that the self-incriminating declarations are trustworthy. *See, e.g.,* Smith v. United States, 348 U.S. 147, 75 S.Ct.

194, 99 L.Ed. 192 (1954); Rodriquez v. United States, 407 F.2d 832 (9th Cir. 1969). Our review of the record convinced us that there was adequate independent evidence to justify the District Court's implied conclusion that the trustworthiness of the incriminating admissions was established.

The second point made by the appellant is that since the officer had destroyed certain informal notes of his conversation with the accused, the officer should not have been permitted to present testimony of the incriminating statements made by the appellant. The evaluation of the officer's credibility and of the accuracy of his recollection was, in this case, the proper function of the trial judge. The interrogating officer was under no obligation to make notes of his conversation in the first instance, and the testimony reveals that before destroying the notes, the officer had fully summarized them in a formal typewritten report. A copy of this report was furnished to Allen's attorney, who thus had a full and fair opportunity to cross-examine the officer concerning its accuracy.

Affirmed.