**UNITED STATES of America, Appellee,**

v.

**Charles Louis EVERETT, Appellant.**

**No. 71-2151.**

United States Court of Appeals, Ninth Circuit.

March 22, 1972.

* J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

Merle L. Harding, San Ramon, Cal., for appellant.

William D. Keller, U. S. Atty., Gregory C. Glynn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Everett was convicted, in a jury trial, of having violated 18 U.S.C. § 2113(a), robbery of a national bank. On this appeal, he presents two grounds for reversal. Both are without merit.

First, Everett argues that the trial judge erred by not, sua sponte, ordering a hearing into the voluntariness of several admissions Everett made prior to trial. No objection was made regarding these statements, nor was there any indication, at trial, that Everett contested their voluntariness. In these circumstances, no hearing was required. *See* Woody v. United States, 126 U.S.App. D.C. 353, 379 F.2d 130 (1967); Evans v. United States, 377 F.2d 535 (5th Cir. 1967). *See also* Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Everett's second contention is that certain out-of-court statements made by one of his codefendants were admitted at trial in violation of the codefendant's Fifth Amendment rights and Everett's Sixth Amendment right to confrontation. Since the codefendant was not informed of his right to appointed counsel, the warning he was given prior to confessing was inadequate under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Everett's trial was, however, conducted before *Miranda* was decided. Thus, the confession is invalid because of the inadequacy of the warning only if the codefendant requested and was denied counsel. Hall v. Nelson, 408 F. 2d 637 (9th Cir. 1969). There is no evidence that counsel was requested; therefore, there was no Fifth Amendment violation.[1]

Everett's right to confrontation was fulfilled when he was given an unfettered opportunity to cross examine the codefendant whose statements were admitted. Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Santoro v. United States, 402 F.2d 920 (9th Cir. 1968), cert. denied 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86 (1970).

Affirmed.

---

1. The Government argues that Everett would not, in any event, have the standing necessary to avail himself of the infringement of his co-defendant's right. We do not reach that question.