**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francisco REBON–DELGADO,**
**Defendant-Appellant.**

**No. 71–3015.**

United States Court of Appeals,
Ninth Circuit.

July 13, 1972.

Rehearing Denied Aug. 18, 1972.

Jo Ann D. Diamos, Tucson, Ariz., (argued), Tom Karas, Phoenix, Ariz., for defendant-appellant.

Sarah Bailey, Asst. U. S. Atty. (argued), James N. Wilkes, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and BROWNING, Circuit Judges, and ZIRPOLI,* District Judge.

PER CURIAM:

Appellant was convicted for having been found in the United States after being deported. 8 U.S.C. § 1326. We affirm.

■ 1. Appellant argues that certain documentary evidence and admissions received against him were tainted by an illegal stop and interrogation that did not meet constitutional standards. Appellant did not object to the evidence on this ground in the trial court. At best, appellant's point is arguable on the present record, and we cannot assume that the record reflects the circumstances justifying the stop as fully as it would have had the government had notice of the challenge. "The contentions he relies on to support this argument involve issues of fact and law which were

---

* Honorable Alfonso J. Zirpoli, United States District Judge, Northern District of California, sitting by designation.

neither raised, developed, nor resolved in the trial court. We therefore need not, and do not, reach this question." United States v. Read, 411 F.2d 582, 584 (9th Cir. 1969); *accord:* United States v. Marsh, 451 F.2d 219, 220 (9th Cir. 1971); Spahr v. United States, 409 F.2d 1303, 1306 (9th Cir. 1969).

2. Appellant argues that certain documents from the official file of the Immigration and Naturalization Service bearing his name were improperly admitted because the government did not prove that he was the person to whom the documents related. However, "[a]ssuming that petitioner is correct in asserting that identity of names was all that was proved, this was sufficient to prove identity [of the person], where no effort was made to rebut such proof." Chung Young Chew v. Boyd, 309 F.2d 857, 867 (9th Cir. 1962); *see also* Bayless v. United States, 381 F.2d 67, 74 (9th Cir. 1967) No such evidence was offered.

3. Appellant's admission that he had visited Nogales, Sonora, Mexico, for a few hours during the day on which he was apprehended was rendered trustworthy by a number of corroborating circumstances, *see* United States v. Allen, 455 F.2d 509 (9th Cir. 1972). Appellant made the same admission to two different officers at different times and places. The time, place, and other circumstances surrounding appellant's initial detention made truth of the admissions likely. Finally, appellant had in his possession a police citation, written in Spanish, purportedly issued against appellant in Nogales, Mexico, on that date. This document, voluntarily produced by appellant when asked for identification (accepting the government's testimony), was properly admitted without formal authentication as a foreign document, not as proof of the facts it recited, but solely as an object in appellant's possession that tended to corroborate his admission that he had been in Mexico.

4. Appellant's contention that the trial court should have held a hearing on the voluntariness of the admission made by appellant to an Immigration investigator is rejected on the ground that it was not raised below. *See* United States v. Everett, 457 F.2d 813, 814 (9th Cir. 1972).

5. Assuming that Rule 86 of the district court's local rules applied to this admission, the trial court could excuse noncompliance with the rule. *See* United States v. Acosta-Garcia, 448 F.2d 395 (9th Cir. 1971) [Rule 86 was then numbered Rule 42]; United States v. Barnes, 431 F.2d 878 (9th Cir. 1970). Since the testimony regarding this admission was elicited not by the prosecution but by the trial judge, waiver of the rule must be assumed.

6. The government counsel's comment in closing argument that there was "no evidence" contrary to the government's proof on certain issues was not a comment on appellant's failure to testify within Desmond v. United States, 345 F.2d 225 (1st Cir. 1965). In that case, "No one but appellant . . . could have contradicted the government witness." *Id.* at 227. Here, independent evidence could easily have been available. Leathers v. United States, 250 F.2d 159, 165–166 (9th Cir. 1957).

7. Appellant's contention that a 1960 deportation warrant endorsed to indicate actual deportation was improperly admitted because it was "evidence of another crime" is without merit. Deportation is not a crime. *Cf.* United States v. Ramirez-Aguilar, 455 F.2d 486, 487 (9th Cir. 1972).

8. The jury was instructed that when a warrant of deportation is outstanding and the accused leaves the United States of his own accord, he is considered as having been deported. *See* 8 U.S.C. § 1101(g). Appellant did not object to the instruction on any ground. He contends, now, however, that as applied to appellant's brief visit to Mexico, this interpretation of 8 U.S.

**14**

C. § 1101(g) denies appellant equal protection of the law in view of the interpretation given to 8 U.S.C. § 1101(a) (13) in Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). It would be particularly inappropriate to pass upon this contention raised for the first time on appeal. The government also offered uncontradicted evidence that appellant had been deported in 1960, and might well have relied entirely upon this proof had reliance upon the later self-deportation been attacked on constitutional grounds. *Cf.* United States v. Read, *supra*, 411 F.2d 582.

ON PETITION FOR REHEARING

Appellant argues that paragraph "1" of the opinion filed July 13, 1972, reflects a misreading of the record. Appellant points out that in listing grounds for objection, appellant's trial counsel did include a general reference to the Fourth Amendment. Neither the objection nor counsel's subsequent presentation focused upon the specific issue of the lawfulness of the police officer's conduct in stopping appellant to inquire as to his identity and entry. We have concluded, nonetheless, that appellant's contention should be considered on its merits.

 The record discloses that the police officer observed appellant walking about one and a half miles from the border in an area where illegal entry was common. Indeed, the officer had just apprehended another illegally entered alien. Appellant was dark complected. The officer knew the residents of the area, and did not recognize appellant. The officer approached appellant and asked him where he was from and whether he had any identification.

We think the circumstances justified the limited intrusion upon appellant's privacy and the brief interruption of appellant's freedom of movement required to enable the officer to make this inquiry.

 Appellant chose to answer. His response disclosed that he had no

means of identification, that he was an alien, and that he had just entered this country surreptitiously without presenting himself to border officials. These admissions provided probable cause for appellant's arrest. The document in question was discovered during the inventory of the contents of appellant's pockets conducted incident to that arrest.

The petition for rehearing is denied.