**UNITED STATES of America, Appellee,**

v.

**Anthony Keith GRAHAM, Appellant.**

No. 77-3452.

United States Court of Appeals, Ninth Circuit.

May 24, 1978.

Fredric F. Kay, Asst. Federal Public Defender, Tucson, Ariz., for appellant.

Eugene R. Bracamonte, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES and KENNEDY, Circuit Judges, and BARTELS,* District Judge.

PER CURIAM:

The appellant was convicted in a court trial of illegally entering the United States after an earlier deportation as an illegal alien. 8 U.S.C. § 1326.

Defendant was found in Tucson, Arizona, on May 3, 1977. The Government sought to introduce into evidence a warrant for de-

---

* Honorable John R. Bartels, Senior District Judge for the Eastern District of New York, sitting by designation.

portation of one Sidney Keith Graham, January 25, 1972. The government then rested, and a motion for judgment of acquittal was made by counsel for defendant. The Government then requested leave to reopen its case, which was granted.

The prosecution then placed on the stand Charles G. Wise, a United States Probation Officer, who had served as a probation officer within two months prior to the trial, for Anthony Keith Graham, whom he identified in the courtroom as a person convicted on July 29, 1977, of being illegally in the United States. The defense objected that the conversation was privileged. The court overruled the objection and counsel for defendant admitted there was "no statutory privilege." Wise testified the defendant had used, and stated to him, that he had used, the name "Sidney Graham" in the past; and that he had applied to the immigration authorities for permission to reapply for admission to the United States.

The defense then rested, without producing any evidence, and the trial court found defendant guilty. Defendant was sentenced to two years, *concurrent* to the sentence on his July 29, 1977 conviction, and a $500 fine, consecutive to any other previous fine.

■ This use at his trial of the defendant's statements made to his probation officer after a previous conviction is raised by appellant as the sole alleged error.

■ We find no error. There was here no "subterfuge" for criminal investigations. Probation has not only rehabilitation of the transgressor as its purpose, but has law enforcement aspects as well. *See United States v. Consuelo-Gonzalez* (9th Cir. en banc) 521 F.2d 259, 266–67 (1975) and *Latta v. Fitzharris* (9th Cir. en banc) 521 F.2d 246, 249–250 (1975). *See also Morrissey v. Brewer,* 408 U.S. 471, 477–79, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Fed.R.Evid.* 404(b)— allowing evidence to be introduced, even of previous crimes, to establish identity. Deportation for a violation of 8 U.S.C. § 1326 is not a crime. *United States v. Rebon-Delgado,* 467 F.2d 11, 13 (9th Cir. 1972). Use

of a probation officer's testimony against a defendant during a jury trial requires care and caution. *United States v. Pavon,* 561 F.2d 799 (9th Cir. 1977); *United States v. Butcher,* 557 F.2d 666 (9th Cir. 1977). But there was no jury in the instant case.

This appeal approaches the frivolous. The judgment of conviction is AFFIRMED.