976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gustavo GONZALEZ-VICTOR, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70700.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Gonzalez-Victor, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order of deportation. Gonzalez-Victor contends that the Immigration and Naturalization Service ("INS") violated (1) his fifth amendment privilege against self-incrimination by compelling him to testify about his alienage at his deportation hearing; and (2) its own regulations by failing to satisfy its initial burden of establishing Victor-Gonzalez's alienage by clear and convincing evidence. We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We grant the petition for review and remand for further proceedings consistent with this disposition.
 
 
 3
 * Background
 
 
 4
 The INS issued Gonzalez-Victor an order to show cause charging him with deportability pursuant to 8 U.S.C. § 1251(a)(1), as an alien convicted of a controlled substance violation. At his deportation hearing, Gonzalez-Victor denied the allegations in the order. He also attempted to decline to answer any questions involving his alienage, asserting his privilege against self-incrimination under the fifth amendment. Gonzalez-Victor argued that answering such question could risk subjecting himself to criminal prosecution.[1]
 
 
 5
 The IJ concluded that Gonzalez-Victor "had no reasonable basis to claim that privilege," overruled the objection, and ordered Gonzalez-Victor to answer the INS's questions regarding his place of birth. After repeated admonitions by the IJ, Gonzalez-Victor finally testified that he had been born in Mexico. No other evidence of alienage was introduced by the INS. On the basis of Gonzalez-Victor's testimony regarding his alienage and the uncontested record of his conviction, the IJ found Gonzalez-Victor deportable as charged.
 
 II
 Analysis
 
 6
 Generally, we review the BIA's dismissals under an abuse of discretion standard. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). Constitutional questions, however, are reviewed de novo. Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988); Christensen v. United States, 755 F.2d 705, 707 (9th Cir.1985), cert. denied, 476 U.S. 1181 (1986).
 
 A. Fifth Amendment
 
 7
 The fifth amendment states that no person "shall be compelled in any criminal case to be a witness against himself." Although a deportation hearing is a civil proceeding, an alien may assert his fifth amendment right to refuse to answer questions in a deportation hearing if the answers might later incriminate him on a criminal matter. Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984). Because it is a crime for an alien to enter the United States without inspection, the BIA has recognized that an alien who has entered this country illegally has a fifth amendment right to remain silent as to questions regarding his alienage. See Matter of Velasquez, Int.Dec. No. 3011 at 5 (BIA 1986). Moreover, because deportation hearings must conform to the traditional standards of fairness encompassed in due process, an alien's involuntary statements cannot be used against him in a deportation hearing. Choy v. Barber, 279 F.2d 642, 647 (9th Cir.1960).
 
 
 8
 Here, because Gonzalez-Victor was subject to the possibility of criminal prosecution, his fifth amendment privilege against self-incrimination was violated when the IJ compelled him to answer questions involving his alienage. See Wall, 722 F.2d at 1443; Choy, 279 F.2d at 647.
 
 B. Burden of Proof
 
 9
 By regulation, in deportation proceedings, the INS has the burden of proof of establishing deportability by clear and convincing evidence. Woodby v. INS, 385 U.S. 276, 286 (1966); 8 C.F.R. § 242.14(a). " 'As part of its burden, therefore, the INS must prove 'alienage,' i.e., that the subject of the proceedings is an alien.' " Sandoval-Vera v. INS, 667 F.2d 793 (9th Cir.1982) (quoting Iran v. INS, 656 F.2d 469, 471 (9th Cir.1981)). Once the INS offers proof of a foreign birth, however, a rebuttable presumption of alienage arises and the burden shifts to the alleged alien to prove citizenship. Corona-Palomera v. INS, 661 F.2d 814, 818 (9th Cir.1981).
 
 
 10
 Here, because the INS failed to introduce any independent evidence regarding his alienage, it failed to meet its burden of proof in establishing Gonzalez-Victor's deportability. See Woodby, 385 U.S. at 286; Corona-Palomera, 661 F.2d at 818.
 
 
 11
 Under these circumstances, the BIA erred when it dismissed Gonzalez-Victor's appeal from the decision of the IJ. Accordingly, we grant the petition for review and remand to allow the INS the opportunity to establish Gonzalez-Victor's alienage and deportability by clear and convincing evidence.[2] See 8 C.F.R. § 242.14(a); Woodby, 385 U.S. at 286.
 
 
 12
 PETITION for REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzalez-Victor's admissions could be incriminating because they could subject him to criminal prosecution for violation of 8 U.S.C. § 1326 (reentry of alien after deportation). We note that under 8 U.S.C. § 1326, an alien's presence in the United States after reentry constitutes a continuous violation and therefore, contrary to the INS's assertion, the statute of limitations does not apply
 
 
 [2]
 We do not address the issue of whether Gonzalez-Victor is the person named in the record of conviction, because Gonzalez-Victor waived the issue by not raising it at the administrative level. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter")