**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos David GONZALEZ–BUSTA-MANTE, Defendant–Appellant.**

No. 00–50645.

D.C. No. CR–99–2512–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 30, 2001.

■

---

\* The Honorable Henry A. Politz, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

Before CYNTHIA HOLCOMB HALL and TROTT, Circuit Judges, and WINMILL, District Judge.[1]

MEMORANDUM [2]

The defendant, Carlos David Gonzalez–Bustamante, appeals his conviction and sentence for attempted reentry after deportation under 8 U.S.C. § 1326, and for making a false claim to U.S. citizenship under 18 U.S.C. § 911. Gonzalez–Bustamante contends that the Government

---

1. The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

failed to prove he was an alien, and that his sentence was improper.

To prove that Gonzalez–Bustamante was an alien, the Government introduced exhibits 1 through 12. These exhibits clearly establish his alienage. He contends, however, that the exhibits were improperly admitted. A district court's ruling on the admission of documentary evidence is reviewed for abuse of discretion. *See United States v. Blitz,* 151 F.3d 1002, 1007 (9th Cir.1998).

■■■■ We find no abuse of discretion here. With regard to exhibits 1 through 10, the Government satisfied Rule 901's authenticity requirement by showing through the certification of the INS District Director that the exhibits came from the INS's Alien Registry File. *See Espinoza v. I.N.S.,* 45 F.3d 308, 310 (9th Cir. 1995). While they contain hearsay, exhibits 1 through 10 fall within the public records exception of Rule 803(8). *See United States v. Contreras,* 63 F.3d 852, 857 (9th Cir.1995). Application of this Rule does not violate the Confrontation Clause because the public records exception is a firmly rooted exception to the hearsay rule. *Id.*[3]

■■■■ Gonzalez–Bustamante argues, however, that the Government failed to show that he submitted the information contained in exhibits 8, 9, and 10. The Government need only make a prima facie showing of a "connection between the proffered exhibit and the defendant." *United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000) (internal quotations omitted).

With regard to exhibit 10, the connection was made in two ways. First, the exhibit contains a very similar name to defendant's, identical in all respects except for the substitution of an *"o"* for an *"a"* in "Bustamonte." Exhibit 5 establishes that this is a misspelling rather than a reference to someone other than the defendant. Exhibit 5 also substitutes an *"o"* for an *"a"* in "Bustamante," but contains in addition a fingerprint (within a box labeled "right index fingerprint of alien removed") that the Government's expert in her trial testimony matched with the defendant. Second, the eight-digit identification number assigned on exhibit 5 to the defendant is identical to the eight-digit alien registration number listed on exhibit 10.

The identify of name and number satisfy the Government's burden to make a prima facie showing of a connection between the defendant and exhibit 10. *See Corona–Palomera v. I.N.S.,* 661 F.2d 814, 816 (9th Cir.1981) ("[i]dentity of names is sufficient to prove identity of persons where no effort is made to rebut such proof."). A similar analysis applies to exhibits 8 and 9. First, both exhibits contain the same name as the defendant. Second, the seven-digit identification number on exhibit 8 is the same as the last seven digits of the defendant's alien registration number on exhibit 5. Third, there was testimony at trial from an INS agent familiar with the process that documents such as exhibits 8 and 9, which were attached together, are submitted as a packet at the INS port of entry by the person seeking admission into the United States.

We therefore find that exhibits 1 through 12 were properly admitted and clearly establish the alienage of the defendant. *See, e.g., United States v. Sotelo,* 109 F.3d 1446 (9th Cir.1997). For these

---

**3.** Gonzalez–Bustamante gives no reason why exhibit 11, a fingerprint exemplar, was improperly admitted, and has therefore waived his right to object to its admission. Exhibit 12 is an official translation into English of exhibit 9, which was written in Spanish, and hence was properly admitted with that exhibit.

reasons we affirm the defendant's convictions.

 We turn next to the defendant's challenges to his sentence. There is no dispute that the district court, apparently misled by an error in the presentence report, reversed the counts in sentencing. That mistake, the defendant argues, cannot be corrected on remand because the Double Jeopardy Clause bars a re-sentencing when the defendant had a legitimate expectation of finality in his sentence. But this argument ignores the principle that "[t]he defendant ... is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal his expired." *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

Due to the mistake, the sentence on the § 911 conviction exceeds the statutory maximum by 27 months. The Government concedes that the sentence is in error and that this case should be remanded to correct the sentences for both counts. The defendant asserts, however, that since the Government did not appeal the sentence under § 1326, there is no authority for remanding the case to correct that sentence. There is authority to do just that, however. *See United States v. Ruiz–Alvarez*, 211 F.3d 1181, 1184 (9th Cir.2000) (holding that when one of multiple counts is reversed on appeal, the district court has the authority to take another look at the sentence). We will therefore remand this case for resentencing, leaving it open to the district court to fashion a new sentence on both counts of conviction.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Finally, the defendant asserts that his sentence violates *Apprendi* because the judge rather than the jury found him to be an aggravated felon. This claim is foreclosed by *United States v. Arellano–Rivera*, 244 F.3d 1119 (9th Cir.2001), holding that the district court had the authority under *Almendarez–Torres* to consider prior aggravated felony convictions.

The conviction is AFFIRMED. The sentence is REVERSED, and this case is REMANDED for re-sentencing.