Pedro FABREGAS, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 03–40728–AG.

United States Court of Appeals,
Second Circuit.

Aug. 17, 2004.

Pedro Fabregas, Batavia, NY, for Petitioner, pro se.

Monica J. Richards, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present: MINER, POOLER, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioner appeals the dismissal of his 28 U.S.C. § 2241 petition in which he challenged the decision of the Board of Immigration Appeals (BIA), denying his claim of derivative citizenship. We assume the parties' familiarity with the underlying

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

facts, procedural history, and specification of appellate issues and hold as follows.

Our Court reviews a district court's decision on a § 2241 petition de novo. *Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir. 1996). In addition, the underlying factual findings of the BIA and the Immigration Judge are reviewed under the substantial evidence standard and their legal conclusions are reviewed de novo. *Secaida–Rosales v. INS,* 331 F.3d 297, 306–307 (2d Cir.2003), *Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir.2001).

■ The Immigration and Naturalization Service generally bears the burden of establishing the facts surrounding removability. *See* 8 U.S.C. § 1229a(c)(3)(A); *see also Zadvydas v. Davis,* 533 U.S. 678, 718–19, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, evidence of a foreign birth shifts the burden of proving citizenship to the individual. *See United States ex rel. Barilla v. Uhl,* 27 F.Supp. 746, 746–47 (S.D.N.Y.1939), *aff'd per curiam,* 108 F.2d 1021 (2d Cir.1940). Here, petitioner does not dispute that he was born outside the United States and thus bears the burden of proving his claim that he was born a United States citizen pursuant to 8 U.S.C. § 1401(g) or acquired derivative citizenship from his father pursuant to 8 U.S.C. § 1433. Petitioner fails to meet this burden, as no court could construe the evidence he presents in a way that satisfies either test.

■ In addition, petitioner requests release pending removal. This request is denied, as the petitioner has failed to demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701.

We have considered the petitioner's remaining arguments and find them to be without merit. We therefore affirm the judgment of the district court, dismiss petitioner's citizenship claim, and deny his request for release pending removal.