SUMMARY ORDER

Petitioner Miguel Devison, a native of the Dominican Republic proceeding pro se, seeks review of the August 6, 2008, 2008 WL 4065954, order of the BIA dismissing his appeal of an Immigration Judge (“IJ”) order of removal. Devison argues that he is a derivative citizen of the United States and that the Government carried the burden of proving that he was not such a citizen during his removal proceedings, and that the IJ abused his discretion in failing to grant him an adequate number of continuances to pursue his citizenship claim. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As a preliminary matter, we generally lack jurisdiction to review orders of removal against aliens found removable on the basis of convictions for, inter alia, controlled substances offenses and aggravated felonies. See 8 U.S.C. § 1252(a)(2)(C). There is, however, an exception for petitions that raise constitutional claims or questions of law. See Pierre v. Gonzales, 502 F.3d 109, 113 (2d Cir.2007).
In this ease, Petitioner was found removable on the basis of such convictions, and we therefore lack jurisdiction over the IJ’s discretionary decision not to grant additional continuances. See Dedji v. Mukasey, 525 F.3d 187 (2d Cir.2008). However, we do have jurisdiction over Demon’s claim to derivative citizenship. See Poole v. Mukasey, 522 F.3d 259, 262 (2d Cir.2008).
Where, as here, the BIA agrees with the IJ’s conclusion and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and IJ’s opinions— or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). In reviewing an agency decision, we review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The BIA has held that the “burden to establish alienage in a deportation proceeding is upon the Government,” but when there is a claim of citizenship, “one born abroad is presumed to be an alien and must go forward with the evidence to establish his claim to United States citizenship.” Matter of Tijerina-Villarreal, 13 I. & N. Dec. 327, 330 (BIA 1969). We have affirmed a district court’s use of this burden-shifting approach. See Barilla v. Uhl, 27 F.Supp. 746, 746-47 (S.D.N.Y.1939), aff'd per curiam, 108 F.2d 1021 (2d Cir.1940).
Here, if the above framework applies, it fell to Petitioner to demonstrate that he is a citizen of the United States. However, Petitioner failed to provide any evidence that his father was born in St. Thomas and successfully transferred United States citizenship to him. In addition, even if the Government did bear the burden of proving that Petitioner was not a United States citizen, the Government submitted ample evidence of Petitioner’s alienage, including his visa and naturalization applications.
For the foregoing reasons, the petition for review is DENIED.