**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOMINGO MANUEL-TOMAS, AKA
Juan Martinez-Eduardo,

        Petitioner,

v.

MERRICK GARLAND, Attorney
General,

        Respondent.

No.   18-70087

Agency No. A205-707-454

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2021[**]
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[***] Chief District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

Domingo Manuel-Tomas, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review questions of law de novo and factual findings for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

1. The immigration court properly exercised jurisdiction over Manuel-Tomas's removal proceeding. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Manuel-Tomas argues the agency never had jurisdiction to remove him because his Notice to Appear was defective. This argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019) ("A notice to appear need not include time and date information to . . . [meet] the regulatory requirements and . . . [vest] jurisdiction in the [Immigration Judge]."). Manuel-Tomas also argues the IJ lacked personal jurisdiction under the Federal Rules of Civil Procedure. The Rules do not apply in immigration court. *Matter of Benitez*, 19 I. & N. Dec. 173, 174 (BIA 1984). Manuel-Tomas further argues the regulations defining jurisdiction are

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

ultra vires as a result of 8 U.S.C. § 1229(a). This argument is misplaced because, as *Karingithi* recognized, "the regulations, not § 1229(a), define when jurisdiction vests. Section 1229 says nothing about the Immigration Court's jurisdiction." 913 F.3d at 1160.

2. Manuel-Tomas argues the IJ erred by denying his motion to suppress evidence obtained as a result of his arrest by Customs and Border Protection (CBP). In particular, he argues the I-213 and his statements to CBP should have been suppressed because they were obtained through an egregious violation of his Fourth Amendment rights. *See Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). Manuel-Tomas fails to explain the key discrepancy the IJ relied on in denying the motion: he gave a sworn statement the day after he was arrested in which he indicated he was on foot when he was stopped, and then in the motion to suppress he argued that he was subject to an unlawful vehicle stop. Manuel-Tomas does not dispute that the I-213 is authentic. That form provides the government's account of Manuel-Tomas's arrest, and states that he was stopped while he was on foot, ten minutes north of the border, while asking passing vehicles for a ride. Substantial evidence supports the IJ's denial of the motion on that basis.

The government bears the burden of establishing alienage by "clear, unequivocal and convincing evidence." *Hernandez-Guadarrama v. Ashcroft*, 394

F.3d 674, 679 (9th Cir. 2005) (citation omitted). "Evidence of foreign birth gives rise to a presumption that the person so born is an alien." *Corona-Palomera v. INS*, 661 F.2d 814, 818 (9th Cir. 1981). In proceedings before the IJ, Manuel-Tomas introduced a birth certificate showing he was born in Guatemala. Because the presumption of removability was not rebutted and because Manuel-Tomas later admitted all the allegations in the Notice to Appear, the IJ properly concluded that Manuel-Tomas "conceded that he was removable as charged" and thus that removability was "established by clear and convincing evidence." Because Manuel-Tomas did not meet the burden of proving an egregious violation of his Fourth Amendment rights, and in any event suffered no prejudice by the introduction of the I-213 and his own statements because there was other record evidence establishing alienage, we see no error in the IJ's ruling.

3.     Manuel-Tomas next argues the IJ and BIA erred by denying his applications for asylum and withholding of removal. Because the BIA concluded that his failure to establish asylum foreclosed his ability to prevail on the withholding of removal claim, both claims turn on whether the BIA erred in rejecting his asylum claim. *See Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011).

4

The BIA's decision denying asylum relief was supported by substantial evidence. In order to establish "past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000). Manuel-Tomas testified that he was attacked by men sent by his father. Manuel-Tomas offered no evidence his attackers were motivated by religious animus. He testified that his attackers warned him to break up with his girlfriend, but he never testified that his attackers mentioned religion. He also testified he was unsure how his father would have learned he converted to a Protestant denomination given that he had not spoken to his father in the six years prior to the attack.

Even assuming a nexus to a protected ground existed, Manuel-Tomas conceded that his family did not list his father's name on the police report describing the attack. He has failed to show the Guatemalan government is unwilling or unable to control his father or the attackers. Manuel-Tomas has also failed to establish a reasonable fear of future persecution because he concedes that he could reasonably relocate to another part of Guatemala to avoid his father. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

5

On appeal, Manuel-Tomas argues he will be persecuted on account of his membership in a particular social group based on "kinship and indigenous descent." This claim is unexhausted. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Even if it were properly raised before the IJ and BIA, Manuel-Tomas fails to establish a nexus between his family membership and persecution because he has not shown other members of his family have been harmed, or are presently at risk of being persecuted. *Matter of L-E-A-*, 27 I. & N. Dec. 40, 43–44 (BIA 2017), *abrogated on other grounds*, 27 I. & N. Dec. 581 (AG 2019).

4.     Finally, Manuel-Tomas argues the IJ erred by denying relief pursuant to the Convention Against Torture. The record does not compel a contrary conclusion. Manuel has failed to show it is more likely than not he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (internal quotation marks and citation omitted); 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DENIED.**