Somsak **HOONSILAPA**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 77–1376.

United States Court of Appeals, Ninth Circuit.

May 23, 1978.

As Amended July 18, 1978.

Michael F. Eng, Los Angeles, Cal., for petitioner.

Donna F. Goldstein, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent.

Before CHAMBERS and HUFSTED-LER, Circuit Judges, and KING, District Judge.*

CHAMBERS, Circuit Judge:

Petitioner seeks review of a Board of Immigration Appeals affirmance of an order of deportation. Petitioner contends that certain documents were improperly ad-

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

mitted into evidence at the deportation hearing. We deny the relief sought by petition.

## I.

On May 13, 1975, the Immigration and Naturalization Service (INS) issued an order to show cause against petitioner. The order stated that petitioner was a native of Thailand who had been admitted into the United States as a student authorized to remain only until March 28, 1973 and who was still here. At the hearing, petitioner stated his name, stipulated through his counsel that the order to show cause related to him, but denied the substance of the order. He refused to answer any further questions, invoking the protection of the privilege against self-incrimination. To establish that petitioner was an alien subject to deportation, the INS introduced two exhibits. The first was a visa petition filed by petitioner's wife on February 26, 1975 and taken from the INS administrative file on petitioner. Attached to the visa petition was a copy of a marriage certificate of Somsak Hoonsilapa and June Sewell and a birth certificate of June Sewell. Included as part of the visa petition was a certificate by counsel—the same individual who represented petitioner before the immigration judge—that the marriage and birth certificates were true and correct copies of the originals. The visa petition listed petitioner's birthplace as "Thailand" and his status at entry as "student visa." The second exhibit was a copy of a request for a search of the central office index of the INS and a copy of the reply. The reply stated that petitioner was a citizen of Thailand who entered the United States on June 29, 1972. It further noted that petitioner had been authorized to stay only until March 28, 1973 and that no extensions had been granted. Petitioner argued that these two exhibits were inadmissible on the ground, *inter alia*, that they were the "fruit" of an illegal search and arrest. The judge denied the motion and found that the evidence established deportability. He granted a request

for voluntary departure. The Board of Immigration Appeals affirmed.

## II.

In a deportation proceeding, the initial burden of showing lawful entry into the United States is on the subject of the deportation proceedings. 8 U.S.C. § 1361. Once that burden has been satisfied, the INS must establish a prima facie case of alienage and deportability. *Trias-Hernandez v. INS*, 528 F.2d 366 (9th Cir. 1975); *Berahmand v. INS*, 549 F.2d 1343 (9th Cir. 1977). When the INS sustains this burden, a presumption of deportability exists that the subject must rebut. Should the subject elect to remain silent, a further inference of deportability arises that can be combined with the government's case to determine whether the order of deportation is supported by "clear, unequivocal, and convincing" evidence. *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); see *Cordon de Ruano v. INS*, 554 F.2d 944 (9th Cir. 1977).[1]

In the case before us, petitioner stipulated that the order to show cause related to him, denied the allegations of the order, and refused to answer further questions. Had the proceedings stopped at this point, petitioner would have failed to meet his burden of showing lawful entry. He would be "presumed to be in the United States in violation of law." 8 U.S.C. § 1361. However, the government went forward and successfully introduced documentary evidence indicating that petitioner had lawfully entered the United States at Los Angeles on June 29, 1972. If properly admissible, this evidence satisfied petitioner's burden under 8 U.S.C. § 1361. *Cordon de Ruano v. INS*, 554 F.2d 944, 947 n. 1 (9th Cir. 1977). As a result, the INS had the burden of establishing alienage and deportability. *Trias-Hernandez v. INS*, *supra*. While petitioner's stipulation that the order to show cause containing an INS administrative file number related to him may raise an inference that he is an alien, it

1. This standard has been codified by the INS in its regulations. *See 8 C.F.R. § 242.14(a)* (1977).

is insufficient, without more, to present a prima facie case of alienage and deportability.

We therefore reach the issues regarding the admissibility of the documentary evidence.

## III.

For present purposes, we may assume the arrest and search of petitioner's home in December, 1974, were illegal. Petitioner contends that the visa petition submitted by his wife and the contents of the INS files must be suppressed as fruits of the prior illegality, citing *Wong Sun v. United States*, 371 U.S. 471, 487–88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

▮ The submission of the visa petition with its contents which ultimately proved damaging to petitioner was not a product of the illegal search. Rather, it was a subsequent voluntary act on the part of petitioner's wife with the participation of his attorney to attempt to adjust the legal status of petitioner in this country. *Id.* at 491, 83 S.Ct. 407. *See also Alderman v. United States*, 394 U.S. 165, 183, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Similarly, the decision to search the INS files was only the "product" of the discovery of petitioner's identity during the illegal arrest and search. It is well settled in this circuit that the mere fact that Fourth Amendment illegality directs attention to a particular suspect does not require exclusion of evidence subsequently unearthed from independent sources. *E. g., United States v. Cella*, 568 F.2d 1266, 1285–86 (9th Cir. 1977). (" '[T]o grant life-long immunity from investigation

and prosecution simply because a violation of the Fourth Amendment first indicated to the police that a man was not the law-abiding citizen he purported to be would stretch the exclusionary rule beyond tolerable bounds.' ") *See also United States v. Sand*, 541 F.2d 1370, 1375–76 (9th Cir. 1976); *United States v. Cales*, 493 F.2d 1215, 1216 (9th Cir. 1974); *United States v. Brandon*, 467 F.2d 1008, 1010 (9th Cir. 1972); *United States v. Bacall*, 443 F.2d 1050, 1057 (9th Cir. 1971). The data in the INS file which showed petitioner's date of entry, country of origin, and residency status as of that date had been in the possession of the Government since that time. We hold that there is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence. The file can be used so far as relevant.

## IV.

▮ Petitioner raises two other issues regarding the admissibility of the documentary evidence. He first contends that the visa petition submitted by his spouse was inadmissible hearsay. His second argument is that the request for a search of the central office index and the reply were not properly authenticated as required by 8 C.F.R. § 287.6. We reject both arguments. Hearsay is admissible if it is probative and its use is fundamentally fair. *See Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975); *Marlowe v. INS*, 457 F.2d 1314, 1315 (9th Cir. 1972). The evidence satisfied this test. And the regulation cited by petitioner creates only a permissive authentication procedure.[2]

---

**2.** 8 C.F.R. 287.6 (1977) provides:

In any proceeding under this chapter, an official record or any entry therein, when admissible for any purpose, *may* be evidence (sic) by an official publication thereof or by a copy attested by the official having legal custody of the record of (sic) by his deputy. If the office in which the record is kept is in foreign territory, the copy *shall* be attested by a person authorized to make the attestation and the attested copy shall be accompanied by a certification by any officer in the Foreign Service of the United States stationed in the foreign country where the record is kept as to the genuineness of the signature and official position of the attesting officer or any foreign official whose certification of genuineness of signature and official position relates to the attestation or is in a chain of certificates of genuineness of signature and official position relating to the attestation. (Emphasis added).

## V.

Petitioner's final argument is that the documentary evidence failed to prove deportability by "clear, unequivocal, and convincing evidence." *Woodby v. INS, supra.* We disagree. *See Cordon de Ruano v. INS*, 554 F.2d 944, 946–47 (9th Cir. 1977). Petitioner made no attempt to rebut any of the allegations concerning alienage or deportability.

## VI.

The decision of the Board of Immigration Appeals is AFFIRMED.