**Maria Margarita VENERACION, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 85–7113.

United States Court of Appeals, Ninth Circuit.

Submitted March 21, 1986.*

Decided June 10, 1986.

---

Robert L. Miller, Miller & Miller, Los Angeles, Cal., for petitioner.

Lawrence W. Chamblee, U.S. Atty., Los Angeles, Cal., for respondent.

Before WALLACE, HUG and KOZINSKI, Circuit Judges.

**PER CURIAM:**

Veneracion first came to the attention of the Immigration and Naturalization Service

---

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

(INS) in December 1980, when her mother filed a petition for a second-preference visa for her as the unmarried daughter of a permanent resident alien. Attached to the petition were copies of a birth certificate indicating foreign birth and a Nevada divorce decree pertaining to a woman of Veneracion's name. Veneracion's attorney in these proceedings, who signed and presumably prepared the petition, attested that the attachments were true copies of originals seen by him.

The INS issued an order to show cause in September 1982 charging Veneracion with deportability for violation of section 241(a)(1) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a)(1), as a person excludable at entry, because she was at the time of entry an immigrant alien not in possession of a valid unexpired immigrant visa. She denied deportability.

At her initial deportation hearing, on the advice of her counsel, Veneracion asserted her fifth amendment privilege against self-incrimination and refused to answer any questions about where she was born or when or how she entered the United States. At a resumed hearing, the INS introduced the visa petition and the birth certificate filed with it as proof of alienage. On advice of counsel, Veneracion refused to say whether the birth certificate was hers. Her attorney objected to admission of the visa petition and the birth certificate on the grounds of authenticity. The immigration judge (IJ) admitted the documents over his objections.

The IJ found Veneracion deportable under section 241(a)(1) of the Act as an alien excludable at entry pursuant to section 212(a)(20) of the Act, 8 U.S.C. § 1182(a)(20). Veneracion appealed to the Board of Immigration Appeals (Board), which affirmed the IJ's findings and order of deportation. We have jurisdiction to consider her petition for review pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.

Section 241(a) of the Act provides in part that

(a) Any alien in the United States ... shall, upon the order of the Attorney General, be deported who—

(1) *at the time of entry was* within one or more of the classes of aliens *excludable* by the law existing at the time of such entry;

(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States.

8 U.S.C. § 1251(a)(1), (2) (emphasis added). Section 212(a)(20) provides that:

Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and *shall be excluded* from admission into the United States:

. . .

(20) Except as otherwise specifically provided in this chapter, *any immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa,* reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality, if such document is required under the regulations issued by the Attorney General pursuant to section 1181(a) of this title;

. . .

8 U.S.C. § 1182(a)(20) (emphasis added).

The IJ and Board concluded that when Veneracion entered the United States, section 212(a)(20) required her exclusion as one who at that time was "not in possession of a valid unexpired immigrant visa." For this reason, she was found deportable pursuant to section 241(a)(1), and her deportation was ordered.

In reaching these conclusions, the IJ and Board relied on the presumptions created by sections 214(b) and 291 of the Act, 8 U.S.C. §§ 1184(b), 1361. Section 214(b) provides that every alien shall be presumed to be an immigrant until he establishes that he is a nonimmigrant. 8 U.S.C. § 1184(b).

Section 291 provides that in deportation proceedings "against any person, the burden of proof shall be upon such person to show the time, place, and manner of his entry into the United States." 8 U.S.C. § 1361. Based on the visa application submitted for her by her mother, which included a copy of a birth certificate indicating Veneracion's foreign birth, the IJ and Board properly concluded that she was an alien who did not have a visa when she entered the United States. *See Corona-Palomera v. INS,* 661 F.2d 814, 818 (9th Cir.1981) (*Corona-Palomera*). Because Veneracion presented no evidence, she failed to carry the burden imposed by section 291 of demonstrating that she had entered the country legally. *See id.; Cabral-Avila v. INS,* 589 F.2d 957, 958–59 (9th Cir.1978), *cert. denied,* 440 U.S. 920 (1979). The IJ and Board thus concluded that Veneracion was deportable.

■ Veneracion argues that reliance on the section 291 presumption was error in light of *Iran v. INS,* 656 F.2d 469 (9th Cir.1981) (*Iran*). This is a question of law, which we review de novo. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). *Iran* dealt with a different issue: a claim of deportability for staying in the United States beyond the authorized time. Our holding was that the presumption raised by section 291 did not operate in that case. We did state, perhaps unnecessarily, that section 291 applies "only in deportation proceedings which involve illegal entry." 656 F.2d at 471; *but see Hoonsilapa v. INS,* 575 F.2d 735, 737, *modified in other respects,* 586 F.2d 755 (9th Cir.1978). Veneracion argues that under *Iran* the section 291 presumption applies only to cases where illegal entry "without inspection" is alleged under section 241(a)(2), and not to cases such as hers where an alien allegedly is deportable under section 241(a)(1) because the alien was "excludable" at the time of entry for want of a "valid unexpired immigrant visa." We did not have occasion to define the "illegal entry" statement in *Iran.* We need go no further in resolving this case than to hold that the section 291 presumption extends to cases such as Veneracion's, where the government's allegation is that the alien entered the country without a valid visa, or other valid authorization.

■ Veneracion contends that the requirement of a "valid" visa goes to the question of whether a visa contains technical defects, and that entry with a technically invalid visa does not constitute illegal entry. We need not reach the validity of that contention. Here, the government did not allege that Veneracion is deportable because of technical documentary defects. Rather, the government contended that Veneracion intentionally entered this country as an immigrant, but without an immigrant visa. Thus, the government's theory was that Veneracion entered the country illegally. Veneracion produced no visa, with technical defects or otherwise, in response to the government's theory.

Before the Board, Veneracion challenged the admissibility of the visa petition and birth certificate on the ground of improper authentication. Although Veneracion did not clearly raise this issue in her opening brief, the government addressed the issue in its brief. Veneracion, however, clearly waived the issue of authentication in her reply brief, stating that the applicability of section 291 is "the only argument raised" for our decision. We thus assume that the visa petition and birth certificate were admissible, and conclude that the Board's determination of deportability is supported by substantial evidence on the record considered as a whole. *See Corona-Palomera,* 661 F.2d at 817 n. 5.

PETITION DENIED.