2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario ALVARADO-GARCIA, Defendant-Appellant.
 No. 93-50049.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Alvarado-Garcia appeals his conviction upon entry of a conditional guilty plea to illegal reentry of a deported alien in violation of 8 U.S.C. Sec. 1326(a), (b)(2). Alvarado-Garcia contends the district court erred by denying his motion to suppress evidence of his identity at trial because it was the fruit of an illegal arrest. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. Attson, 900 F.2d 1427, 1429 (9th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 
 4
 On April 27, 1992, Alvarado-Garcia was stopped by two police officers who alleged that they saw him engaging in a drug transaction. The police officers questioned and frisked him and found no weapons or drugs on his body. Nevertheless, the officers arrested Alvarado-Garcia for providing them with a false name. At the police station, police officers discovered that Alvarado-Garcia had a prior criminal record and was in the country illegally. He was subsequently indicted for illegal reentry after deportation, in violation of 8 U.S.C. Sec. 1326.
 
 
 5
 On appeal, Alvarado-Garcia contends that any identity evidence, including the arresting officers' testimony that they saw him on the street prior to arresting him, should be suppressed as fruit of the poisonous tree because his initial arrest was determined by the district court to be illegal.[1] This contention lacks merit.
 
 
 6
 First, the "identity of a defendant ... is never itself suppressible as fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984); see also United States v. Orozco-Rico, 589 F.2d 433, 435 (9th Cir.1977) (evidence relating to an alien defendant's identity could not be suppressed despite an illegal arrest which led to the knowledge of the defendant's presence in the United States), cert. denied, 440 U.S. 967 (1979). An illegal arrest does not void a subsequent conviction. United States v. Alvaraz, 810 F.2d 879, 884 (9th Cir.1987). Given that the law on this issue is well settled, the district court did not err by denying Alvarado-Garcia's motion to suppress evidence pertaining to his identity.
 
 
 7
 Second, an illegal arrest will not result in the suppression of information or observations gathered independently of the arrest. See United States v. Crews, 445 U.S. 463, 472 (1980) (witness's in court identification was reliable based on her independent recollection of her initial contact with the defendant prior to his arrest); Hoonsiliapa v. INS, 575 F.2d 735, 738 (9th Cir.) (evidence collected by the government which is independent to an illegal arrest is admissible), as amended, 586 F.2d 755 (1978). Here, the officers' observations of Alvarado-Garcia's presence on the street occurred prior to his arrest and therefore were gathered independently of the arrest. Accordingly, the district court properly denied Alvarado-Garcia's motion to suppress the officers' observation testimony. See Crews, 445 U.S. at 472; Hoonsiliapa, 575 F.2d at 738.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the government does not challenge the district court's finding that the arrest was illegal