98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jobel Eleazar SANTOS-REYES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70891.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 19, 1996.
Decided Oct. 2, 1996.
 
 1
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Ahs-kni-oqx.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES, District Judge*.
 
 
 5
 MEMORANDUM**
 
 
 6
 Jobel Eleazar Santos-Reyes, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals summarily dismissing his appeal from a decision of an Immigration Judge denying his application for asylum and withholding of deportation. We deny the petition.
 
 
 7
 When Santos filed his notice of appeal to the BIA from the IJ's decision, he stated that he would file a separate written brief or statement. However, no brief or statement was ever filed with the BIA, and Santos did not explain his failure to file.
 
 
 8
 The INS filed a motion to summarily dismiss Santos' appeal on the basis that Santos had failed to file an opening brief. The motion was filed pursuant to the federal regulation which allows the BIA to summarily dismiss an appeal where the appellant states on the notice of appeal "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such a brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(1-a)(i)(E).
 
 
 9
 Santos filed no response to the motion. On October 30, 1995, the BIA issued an order which granted the INS' motion to dismiss. The order noted the inadequacy of the notice, the fact that further briefing had been promised, and the fact that an extension of time to file a brief had been granted. It then clearly stated that the appeal was being dismissed because of Santos' failure to file a brief even though he had indicated that he would file one.
 
 
 10
 However, in his petition for review, Santos makes just two arguments. First, Santos argues that his notice of appeal to the BIA was specific enough to inform the BIA of the reasons for appeal. He then argues that his due process rights were violated because, although the INS moved to dismiss for failure to file a brief, he had no notice that the BIA would dismiss his appeal for lack of specificity of the notice of appeal. He neither attacks the validity of the regulation applied to his case nor indicates that it was improperly applied. Santos almost appears to be arguing the merits of another case; a case in which the BIA dismissed an appeal based on lack of specificity of the notice of appeal. However, the BIA's order clearly states that the dismissal of Santos' appeal is based upon his failure to file a brief after stating that he would file one.
 
 
 11
 Because the petition for review does not attack the only basis for the BIA's dismissal of his appeal, we are left with nothing to review. See United States v. Vaught, 69 F.3d 1498, 1501 (9th Cir.1995) (even if issue mentioned, if not briefed it is waived); Veneracion v. INS, 791 F.2d 778, 780 (9th Cir.1986) (per curiam) (issue waived where petitioner did not note it as an argument raised to the court); see also Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (mere assertion of a due process violation does not guarantee review of issue by court of appeals).
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3