**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIR RAIHAN ALI, | No. 07-75031 |
| Petitioner, | Agency No. A098-251-988 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Mir Raihan Ali, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de

novo constitutional challenges to removal orders, and review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). We deny the petition for review.

Even assuming that Ali's allegedly unlawful arrest and detention was an egregious violation of his constitutional or regulatory rights, the agency did not err in concluding that there was substantial independent evidence in the record to establish that he nonetheless was subject to removal as charged. *See Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir.), *modified by* 586 F.2d 755 (9th Cir. 1978) (the mere fact of a Fourth Amendment illegality does not require exclusion of evidence unearthed from independent sources).

To the extent Ali contends that the independent source doctrine should not apply to immigration proceedings because it would allow the alleged violations of his constitutional rights to go "unpunished," this argument is unpersuasive. *See Nix v. Williams*, 467 U.S. 431, 443 (1984) (the purpose of the exclusionary rule is to "put the [government actors] in the same, not a *worse*, position that they would have been in if no . . . misconduct had occurred") (emphasis in original).

**PETITION FOR REVIEW DENIED.**

07-75031