
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30148 |
| Plaintiff-Appellee, | D.C. No. 9:14-cr-00027-DLC-2 |
| v. | |
| DANIEL BROWN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted June 6, 2016
Seattle, Washington

Before:  PAEZ and BYBEE, Circuit Judges, and TIGAR,** District Judge.

MEMORANDUM

A jury convicted Daniel Brown of conspiracy to make, print, or publish "any notice or advertisement seeking or offering" child pornography in violation of 18

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. §§ 2251(d) and (e), and Brown was sentenced to a prison term of fifteen years. Brown appeals the denial of his motion to suppress and the district court's refusal to allow two different defense arguments. We reverse Brown's conviction in a separate opinion filed concurrently with this memorandum. In this memorandum, we affirm the denial of Brown's suppression motion and the district court's decision prohibiting one of Brown's co-conspirators from testifying regarding his withdrawal from the conspiracy.

1. Reviewing the district court's ruling on Brown's motion to suppress *de novo* and the underlying factual findings for clear error, we conclude that the district court did not err in denying Brown's motion to suppress. *United States v. Washington*, 387 F.3d 1060, 1066 (9th Cir. 2004). Pursuant to a search warrant, FBI Special Agent Mandy Fellenz searched the email account of Dark Moon messaging board member Charles Crosby and located log-in information for that board. Without obtaining a separate warrant, Fellenz then logged onto Dark Moon and saw child pornography. Separately, government agents later executed search warrants at the residences of several suspected members of a different messaging board, Kingdom of Future Dreams ("KOFD"), some of whom were also members of Dark Moon. These members consented to agents' search of the Dark Moon site. Brown asserted that Fellenz's warrantless search of Dark Moon was "critical" to agents later obtaining other evidence from searches consented to by the KOFD suspects, and therefore such evidence was tainted.

Assuming for the sake of argument that Special Agent Fellenz's initial brief entry onto the Dark Moon messaging board was unlawful, we nonetheless find no error in the district court's conclusion that the later search was lawful. In the midst of executing lawful residential search warrants on suspected members of another

2

messaging board, the search warrant teams did not exploit Fellenz's earlier illegal search in requesting consent from those other suspects to search Dark Moon. *See Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978) ("[T]he mere fact that [a] Fourth Amendment illegality directs attention to a particular suspect does not require exclusion of evidence subsequently unearthed from independent sources.").

Because the residential search warrant teams had received an interview outline that prompted them to ask targets about membership on any and all bulletin boards, and agents were not told that Special Agent Fellenz had gained access to Dark Moon or that she found child pornography there, the information gleaned from the consensual searches of the other suspects was not tainted by Fellenz's earlier illegal search. The prior illegality of Fellenz's search therefore was not "sufficiently connected to the subsequent consent" to require suppression of the later-obtained evidence. *See Washington*, 387 F.3d at 1072.

2.    Brown argues that the district court violated his "fundamental right to present a venue defense to the jury when it prevented him from presenting evidence and testimony about when the only member of the Dark Moon bulletin board from Montana (Paul Wencewicz) affirmatively withdrew from the board before . . . Brown ever joined." But the district court's decision did not take the determination of venue away from the jury. The court instructed the jury that it needed to find venue in Montana in order to find Brown guilty, and ruled that any testimony from Wencewicz[1] about when and if he withdrew from the conspiracy was irrelevant given that venue in a conspiracy case is appropriate in any district where an overt act of the conspiracy

---

[1]Venue in Montana was premised entirely on co-conspirator Wencewicz's residency in, and access of the Dark Moon bulletin board from his home in, Polson, Montana.

was committed. *See United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988) ("[V]enue is appropriate in any district where an overt act committed in the course of the conspiracy occurred.") (quoting *United States v. Schoor*, 597 F.2d 1303, 1308 (9th Cir. 1979)). Because Brown was "bound [with respect to the conspiracy charge] by all that ha[d] gone before in the conspiracy," the district court correctly concluded that testimony from Wencewicz regarding his withdrawal from the conspiracy before Brown joined was irrelevant to the determination of venue. *United States v. Bibbero*, 749 F.2d 581, 588 (9th Cir. 1984).

AFFIRMED.