NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO VELASCO-ROMERO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-73300<br><br>Agency No. A095-797-320<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:   SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Marco Antonio Velasco-Romero, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order denying his motion to suppress

evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Velasco-Romero's motion to suppress the Form I-213 and Form I-826, both dated August 19, 2009, where they were independently obtained subsequent to Velasco-Romero's allegedly unlawful June 24, 2013, arrest. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." (citations omitted)); *Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978), *modified by* 586 F.2d 755 (9th Cir. 1978) ("It is well settled in this circuit that the mere fact that Fourth Amendment illegality directs attention to a particular suspect does not require exclusion of evidence subsequently unearthed from independent sources.").

It follows that the agency did not err or violate Velasco-Romero's due process rights by admitting the 2009 Form I-213 and Form I-826 into evidence, where they were probative, their admission was fundamentally fair, and Velasco-Romero did not show that they contained inaccurate information or were obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated

immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Velasco-Romero's contentions that the BIA failed to address all issues raised on appeal or provide a reasoned explanation for its decision are not supported by the record, where the BIA affirmed the IJ's decision for the reasons cited therein, and the IJ's decision had already adequately addressed the contentions raised in Velasco-Romero's appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

In light of our disposition, we do not reach Velasco-Romero's contentions regarding the Form I-213, dated June 25, 2013. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**