NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN VELAZCO CASTELLANO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-70458<br><br>Agency No. A205-056-436<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2021[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[***] District Judge.

Ivan Velazco Castellano petitions for review of the Board of Immigration

Appeals's ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

of his motion to suppress evidence and terminate removal proceedings.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition in part and deny the petition in part.

Velazco Castellano was placed in removal proceedings in 2012 after he was stopped by police and questioned by an Immigration and Customs Enforcement ("ICE") officer.  The ICE officer completed a Form I-213 stating that Velazco Castellano admitted he was a Mexican citizen who had entered the United States without inspection.  Velazco Castellano asserted that he had been stopped and questioned in violation of the Fourth Amendment, and he moved to suppress the I-213 and terminate removal proceedings.  The IJ denied the motion.  Velazco Castellano appealed to the BIA, and the BIA remanded the proceedings to the IJ for further factfinding and analysis.  The IJ held another hearing and again denied the motion to suppress evidence and to terminate proceedings.  The BIA then dismissed Velazco Castellano's appeal.

When the BIA "conducts its own review of the evidence and law," our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Joseph v. Holder*, 600 F.3d 1235, 1239 (9th Cir. 2010) (citation omitted). We review constitutional questions and questions of law de novo.  *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018) (quoting *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011)).

2

1. Velazco Castellano contends that the immigration court lacked jurisdiction over his removal proceedings because his Notice to Appear ("NTA") was defective. This argument is foreclosed by our case law. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019) (holding that jurisdiction vests with service of the NTA even if the NTA is missing the hearing date and time as long as the noncitizen timely receives proper notice of these details); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).

2. Velazco Castellano also contends that the IJ violated the BIA's remand order by failing to conduct an evidentiary hearing on his Fourth Amendment claim. An "IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose." *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010). The BIA stated in its initial order that remand was "appropriate for further fact-finding" on the Fourth Amendment issue. But the BIA also directed the IJ to consider "an alternative finding regarding independent evidence of alienage." On remand, the IJ determined that even assuming there had been an egregious Fourth Amendment violation, there was sufficient independent evidence of Velazco Castellano's alienage in the record. Because the BIA did not expressly limit the scope of remand to the Fourth Amendment issue, did not expressly require an evidentiary hearing,

and had ordered the IJ to consider making an "alternative" holding instead, the IJ did not violate the scope of the remand order.  *See Fernandes*, 619 F.3d at 1074.

3. Velazco Castellano next argues that he was unlawfully stopped and detained without individualized reasonable suspicion in violation of the Fourth Amendment.  He asserts that this "egregious violation" required termination of his removal proceedings or, in the alternative, suppression of the I-213 produced as a result of his stop.

In general, "statements and other evidence obtained as a result of an unlawful, warrantless arrest" are admissible in removal proceedings.  *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040, 1050–51 (1984).  There are "two critical exceptions" to this general rule.  *See Sanchez*, 904 F.3d at 649.  First, when the agency obtains evidence through an "egregious violation" of the Fourth Amendment, a noncitizen may seek suppression of that evidence.  *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008).  Second, "when the agency violates a regulation promulgated for the benefit of petitioners" and that violation is prejudicial, a noncitizen may seek suppression of evidence or, in "truly egregious cases," termination of immigration proceedings without prejudice.  *Sanchez*, 904 F.3d at 649, 655.

Even assuming Velazco Castellano established there had been an "egregious violation" of his Fourth Amendment rights, Velazco Castellano voluntarily

4

submitted other evidence independently establishing his alienage, so the failure to suppress the I-213 was not prejudicial. *See Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978). Therefore, the BIA did not commit reversible error in refusing to suppress the I-213 based on a purported Fourth Amendment violation.[1]

However, the BIA failed to address Velazco Castellano's argument that the arresting officers had committed an egregious violation of an agency regulation. Velazco Castellano argued before the BIA, and continues to assert here, that the officers violated agency regulations including 8 C.F.R. § 287.8(b), which requires "reasonable suspicion" to detain someone for questioning. When a petitioner alleges an "egregious regulatory violation," the BIA must consider (1) whether the agency violated its own regulation, (2) whether the subject regulation is meant to benefit the noncitizen, and (3) whether the violation prejudiced the noncitizen. *Sanchez*, 904 F.3d at 650, 653. In such a case, the petitioner may be entitled not only to

---

[1] We note our concern with the IJ's finding on remand that Velazco Castellano's stop related to a failure to "yield to car traffic," given that the I-213 does not mention a traffic-related violation and states that the Carlsbad police officer made contact with Velazco Castellano as a result of a radio call regarding a "suspicious person." Because we assume this encounter could have been an egregious Fourth Amendment violation, we need not address whether this discrepancy was sufficient to meet Velazco Castellano's initial burden to obtain suppression of the resulting evidence. *See Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988) (explaining that a noncitizen must first establish a prima facie Fourth Amendment violation before the agency is required to justify "the manner in which it obtained the evidence").

suppression of evidence but also to termination of proceedings without prejudice *despite* the existence of independent evidence establishing removability. *Id.* at 653.

The BIA did not address this "egregious regulatory violation" argument, concluding only that Velazco Castellano "did not establish a prima facie case that law enforcement violated his Fourth Amendment rights, such that his statements were inadmissible." That was a legal error. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("IJs and the BIA are not free to ignore arguments raised by a petitioner." (citation omitted)). Therefore, we grant the petition for review as to Velazco Castellano's claim that he was entitled to termination of proceedings based on an egregious regulatory violation, and we remand to the BIA to consider this issue in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

**PETITION GRANTED IN PART AND DENIED IN PART.**