# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued November 20, 2025          Decided April 3, 2026

No. 24-5261

ANDI GJOCI, ET AL.,
APPELLANTS

v.

UNITED STATES DEPARTMENT OF STATE AND MARCO RUBIO,
THE SECRETARY OF STATE,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-00294)

---

*Nicolette Glazer* argued the cause and filed the briefs for appellants.

*Cara E. Alsterberg*, Senior Litigation Counsel, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Brett A. Shumate*, Assistant Attorney General, *Glenn M. Girdharry*, Acting Deputy Director, and *William Weiland*, Acting Assistant Director.

Before: CHILDS, *Circuit Judge*, and EDWARDS and GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* CHILDS.

CHILDS, *Circuit Judge*: Coronavirus disease 2019 (COVID-19) significantly impacted United States immigration policy. To contain the spread of the virus, the federal government closed borders, enacted travel bans, and relevant here, paused processing of visas during the pandemic. The cessation of visa processing affected Appellants' applications. As a result, they filed an action challenging how the State Department and the Secretary of State (together Appellees) administered the Diversity Immigrant Visa Program (DV Program) for the fiscal-year (FY) 2021. The district court dismissed Appellants' claims on mootness and standing grounds and denied their request to submit supplemental briefing. For the foregoing reasons, we affirm the district court's judgment.

**I.**

Having affirmed the district court's denial of Appellants' motion for injunctive relief seeking "to extend diversity-visa eligibility or reserve visas past the end of the fiscal year," *Gjoci v. DOS* (*Gjoci II*), No. 21-5256, 2024 WL 3159878, at *3 (D.C. Cir. June 25, 2024), we are familiar with the issues, the parties, their positions, and the background of this matter. Additionally, in four separate matters that the D.C. Circuit eventually consolidated on appeal, the district court concluded that because the State Department "unreasonably delayed and unlawfully withheld adjudication" of diversity visas for FY2020 and FY2021, it must reserve the pending applications and then actually adjudicate them. *See, e.g.*, *Gomez v. Biden*, 2021 WL 3663535, at *24 (D.D.C. Aug. 17, 2021). This court reversed, holding that "district courts ha[ve] no authority to order the State Department to keep processing applications for diversity visas and issuing the visas beyond the end of the relevant fiscal years." *Goodluck v. Biden*, 104 F.4th 920, 926 (D.C. Cir. 2024). The court further explained that "it does not

matter whether a selectee has submitted the required documents, filed a lawsuit, obtained some form of preliminary relief, or done anything else short of receiving the visa; at the end of the fiscal year, 'those applicants without visas are out of luck.'" *Id.* at 927 (quoting *Yung-Kai Lu v. Tillerson*, 292 F. Supp. 3d 276, 282 (D.D.C. 2018)). We incorporate by reference these prior decisions, restate only essential information, and forego a full, comprehensive recitation of the history of this dispute.

**A.**

Appellants[1] are selectees and derivative beneficiaries of the FY2021 DV Program, which began on October 1, 2020,

---

[1] Appellants are Andi Gjoci, Nevisa Patoshi, Armando Topi, Sidorela Manaj, Atit Pokharel, Bipana Kumari Chaudhary, Denis Kurepin, Jamuna Sharma Neupane, Dilli Raj Neupane, Engjell Vertopi, Enkel Xhaferi, Emel Xhaferi, E.X., Ed. X., Furkat Abdukhalilov, Gentian Shega, Erinda Shega, A.S., Ar. S., Harka Bahadur Chalaune, Nirmala Budha, H.C., Hayam Aldeeb, Moustafa Eissa, M.E., A.E., H.E., S.E., Ahmeed Khedr, Juger Hasanllari, Romelda Hasanllari, A.H. , Junu Koirala, Bishal Silwal B K, Koffi Doumegno, Mariia Shevchik, Dmitrii Shevchik, M.S., G.S., Martin Wamiti, Mohammad Saeed, Nahil Almusaddar, Al. S., Z.S., Mohammed Mohammed Ali Ghanem, Mona Abdo Mostafa Abdo Elshelek, O.M.M.A.G., A.M.M.A.G., Ah. M.M.A.G., Anastasiia Nemanova, Maksim Gorbunov, Tank Prasad Siwakoti, Nezar Mehri, Oleg Sukhorukov, Antonina Sukhorukova, Alba Firaj, Klajdi Xhepexhiu, Eraldi Dervishllari, A.D., Anduela Lecini, Alban Lecini, A.L., Kamlesh Kumar Das, Om Prakash Dangi, Yamuna Basnet Dangi, A.D., Aa. D., Rabin Sitoula, Nabina Adhikari Sitoula, R.S., Rh. S., Radhika Subba, Purnachandra Limbu, Madina Usserbayeva, Ildar Galiyev, AG., Nabin Thapa Magar, Subodh Pokharel, Monika Ghimire, S.P., K.P., Pukan KC, Sophiya Khadka KC, Roshi Cota, Albana Kurti, R.C., Rudina Hoxha, Fation Pasholli, E.P., R.P., Shynar Smagulova, Nurzhan Shamshin, M.S., A.S., Sudip Karki, Tulsi Khatri,

and concluded on September 30, 2021. *See* 31 U.S.C. § 1102. They wanted to receive one of the DV Program's 55,000 visas that are awarded each fiscal year to natives of foreign countries that have historically low rates of immigration to the United States. 8 U.S.C. §§ 1151(e), 1153(c).

Diversity immigrant visas "allow recipients who are granted admission to enter the country as lawful permanent residents [the opportunity to] live and work here indefinitely." *Almaqrami v. Pompeo*, 933 F.3d 774, 776 (D.C. Cir. 2019). Applicants participate in a random lottery where they submit online petitions during a registration window that is "not less than thirty days." 22 C.F.R. § 42.33(b)(3). Applicants hope the State Department selects their petitions, awards them ranked visa numbers for a geographic region, and approves them as lottery winners for visa consideration. *See* 9 FOREIGN AFFAIRS MANUAL (FAM) 502.6-4(c).

As winners or selectees, Appellants anticipated the adjudication of their petitions. This involves the submission of a full, written application—to include a Form DS-260—and, upon completion of said paperwork, an interview conducted by a State Department consular officer. *See* 22 C.F.R. §§ 40.1(l)(2), 42.33(g); 9 FAM 502.6-4(d). Once again, time is of the essence because selectees must complete the application process and receive a visa before "the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II).

However, due to several factors, including the COVID-19

---

Khagendra Kshetri, Vadym Kovalenko, Olena Pizhurina, D.K., Yub Raj Shrestha, Shrijana Shrestha, Y.S., Yu. S., Ioannis Nanitsos, Eleni Imeri, T.N., Arsen Avdulla, Anxhela Avdulla, Sanjita B. Khati, Bhabi Sunar, P.S., Rohit Shrestha, Shanta Shrestha, Puja Tamrakar, Majlinda Selimi, Achraf Elgdani, and Aarati Bhurtel.

pandemic, the State Department, on March 20, 2020, stopped processing diversity immigrant visa applications. Then, on April 22, 2020, President Trump issued Presidential Proclamation 10014, which effectively suspended the entry of aliens into the United States by means of diversity visas. Proclamation 10014, 85 Fed. Reg. 23,441, 23,441–43 (Apr. 27, 2020). Proclamation 10014 remained in effect for ten months until its revocation by President Biden on February 24, 2021. Proclamation 10149, 86 Fed. Reg. 11,847, 11,847 (Mar. 1, 2021). As a result, the State Department did not begin to schedule interviews for FY2021 DV Program selectees until February 2021.

**B.**

On February 1, 2021, Appellants filed a complaint "challenging the State Department's policies and sought an injunction [on April 11, 2021,] requiring the State Department to adjudicate their diversity-visa cases." *Gjoci II*, 2024 WL 3159878, at *1. "In response to this litigation, some of the named [Appellants] were scheduled for an interview, received their immigrant visas, entered the United States pursuant to said visas, and are now Legal Permanent Residents" (LPR Appellants). Appellants' Br. 23. The remaining Appellants received no meaningful response to their applications even after the State Department resumed diversity visa processing (No-Visa Appellants). Appellants amended their complaint on June 26, 2021, and moved for injunctive relief on June 30, 2021, seeking an order requiring "the State Department either to promptly adjudicate their pending DS-260 applications or implement a policy expediting the processing of those applications, or . . . preserve the visa eligibility of the [Appellants] for the duration of this litigation." *Gjoci v. DOS*, No. 1:21-cv-0294, 2024 WL 4263775, at *2 (D.D.C. Sept. 23, 2024) (citation modified). The district court denied the motion

for a preliminary injunction, *Gjoci v. DOS*, No. 1:21-cv-0294, 2021 WL 3912143, at *1 (D.D.C. Sept. 1, 2021), and we affirmed that decision, *Gjoci II*, 2024 WL 3159878, at *1.

While Appellants' preliminary injunction motion was pending, the State Department moved to dismiss the complaint or for summary judgment. Several months later, Appellants moved for leave to file supplemental briefing. In a September 23, 2024 Memorandum Order, the district court dismissed as moot No-Visa Appellants' equitable claims seeking preservation of their visa eligibility beyond the fiscal year 2021. *Gjoci*, 2024 WL 4263775, at *4 (citing *Gjoci II* and *Goodluck*). The district court then addressed *ad seriatim* Appellants' remaining claims for relief—"1) a declaration that the defendants have acted in bad faith and that their alleged plan to 'run out the clock' on the 2021 fiscal year was unlawful, *ultra vires*, arbitrary, and capricious; 2) nominal damages; and 3) an injunction ordering the defendants to adjudicate their pending DS-260 applications," *id.*—and concluded that Appellants lacked standing to pursue these "non-*Goodluck*" claims because the relief was "beyond the Court's power to grant, would not redress the [Appellants]' injuries, or rest[ed] on an alleged violation of a 'right' that does not exist." *Id.* at *6. The district court also denied Appellants' motion for leave to file supplemental briefing because granting it "would merely prolong the inevitable." *Id.* at *4. Appellants timely appealed the dismissal of their claims.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, as the district court here dismissed Appellants' claims for "lack of subject-matter jurisdiction." *Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017). We review *de novo* a dismissal of a complaint for lack of standing. *Info. Handling Servs., Inc. v.*

*Def. Automated Printing Servs.*, 338 F.3d 1024, 1029 (D.C. Cir. 2003) (citing *Am. Fed'n of Gov't Emps. v. Rumsfeld*, 321 F.3d 139, 142 (D.C. Cir. 2003)). For purposes of the standing analysis, we assume that the plaintiff states "a valid legal claim" and accept as true all well-pleaded factual allegations. *Id.* We also review *de novo* a district court's decision to dismiss a claim as moot. *Zukerman v. USPS*, 961 F.3d 431, 441 (D.C. Cir. 2020). Finally, "[w]e review the district court's denial of supplemental briefing for abuse of discretion." *Tatneft v. Ukraine*, 21 F.4th 829, 835 (D.C. Cir. 2021) (citing *Cal. Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1266 (D.C. Cir. 2008)).

## III.

### A.

We first address whether No-Visa Appellants' equitable claims—seeking preservation of their visa eligibility beyond the fiscal year 2021—are moot. Mootness is a "threshold jurisdictional issue." *S. Co. Servs., Inc. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005) (quoting *Coal. of Airline Pilots Ass'ns v. FAA*, 370 F.3d 1184, 1189 (D.C. Cir. 2004)). It "limits federal courts to deciding 'actual, ongoing controversies,'" *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). The mootness doctrine "requires a federal court to refrain from deciding [the controversy] if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Id.* at 701 (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

In their briefing, No-Visa Appellants acknowledge that "*Goodluck* conclusively resolves their claims and requests for

relief in the form of visa preservation and issuance of diversity visas." Appellants' Br. 29. Because we agree that *Goodluck* renders No-Visa Appellants' claims for equitable relief moot, we affirm their dismissal by the district court. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) (explaining that a case is no longer justiciable "when the question sought to be adjudicated has been mooted by subsequent developments").

**B.**

We next address whether Appellants have standing to press their non-*Goodluck* claims. Both LPR Appellants and No-Visa Appellants seek "a declaration that the [State Department] . . . acted in bad faith," that its administration of diversity immigrant visas for FY2021 was "unlawful, *ultra vires*, arbitrary, and capricious," and an award of "nominal damages." *Gjoci*, 2024 WL 4263775, at *4. In addition, No-Visa Appellants seek "an injunction ordering the [State Department] to adjudicate their pending DS-260[s]." *Id.*

"It is well established that a federal court cannot act in the absence of jurisdiction," and "[i]t is equally well established that Article III standing is a prerequisite to federal court jurisdiction." *Am. Libr. Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005) (citations omitted). An appellant has standing if he has (1) "an 'injury in fact,'" (2) "fairly traceable to the challenged action of the defendant," (3) that will "likely . . . be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation modified).

Appellants contend that "[t]he *Goodluck* decision did not address the issue of whether the [LPR Appellants][,] who were issued immigrant visas and are now Legal Permanent Residents[,] can state a claim for discrimination, bad faith, [or] violation of substantive due process[,] or whether all

[Appellants] have pleaded a non-statutory *ultra vires* claim." Appellants' Br. 30. Appellants further assert that *Goodluck* did not address whether "No-[V]isa [Appellants]" have any remedies "in light of the continuing and ongoing harm caused by [Appellees'] action." *Id.* In this regard, Appellants argue that they have standing to pursue their remaining claims because Appellees' actions caused Appellants "imminent, concrete, and irreparable injuries-in-fact . . . as DV2021 selectees," *id.* at 33; and the suspension of the DV Program deprived Appellants of "vested statutory benefit conferred to them as approved" diversity immigrant visa petitioners, "caus[ing] harm to all [Appellants]," *id.* at 33–34.

Despite these vigorous arguments, Appellants cannot establish standing to pursue their non-*Goodluck* claims. First, as to all Appellants' request for declaratory relief, "past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). Appellants have not pleaded facts establishing they are "suffering an ongoing injury or face[] an immediate threat of injury," *id.* (citing *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)), because of how the State Department processed FY2021 diversity immigrant visas. Next, all Appellants' claims for nominal damages are not redressable because the United States has not waived sovereign immunity from nominal damages for their claims. *Seed v. EPA*, 100 F.4th 257, 265 (D.C. Cir. 2024) ("When a plaintiff seeks monetary damages, 'the waiver of sovereign immunity must extend unambiguously to such monetary claims.'") (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Particularly, under the Administrative Procedure Act (APA), nominal damages are unavailable because the APA only waives the government's sovereign immunity for claims "seeking relief other than money damages." 5 U.S.C. § 702. *See Jibril v. Mayorkas*, 101 F.4th 857, 870 (D.C. Cir. 2024) (holding that the district court

did not abuse its discretion by denying leave to amend a complaint to add a claim for nominal damages because "the APA does not authorize suits seeking 'money damages' against the Government"). Finally, consistent with their equitable claims, *Goodluck* is dispositive of No-Visa Appellants' request for injunctive relief and prevents the court from ordering the State Department to process expired applications. Accordingly, because Appellants cannot establish standing regarding their non-*Goodluck* claims, we affirm the district court's dismissal.

## C.

Appellants assert that the district court should have allowed them to submit supplemental briefing to address the status of their allegations after *Gjoci II* and *Goodluck*. Appellants argue that the district court abused its discretion by failing to provide any reason for denying Appellants' motion "such as 'undue delay, bad faith or dilatory motive.'" Appellants' Br. 63 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Appellants further argue that they suffered prejudice because they had to "present arguments for the first time on appeal and without a developed record." *Id.* at 64.

When evaluating whether a district court abused its discretion in denying supplemental briefing, we "review whether the district court exceeded its 'range of choice' or made a 'mistake of law.'" *Tatneft*, 21 F.4th at 836 (quoting *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 345 (D.C. Cir. 2014)). Contrary to Appellants' claims, the district court in this case provided reasoning for its decision, stating that, because of *Goodluck*, supplemental briefing would only "prolong the inevitable," *Gjoci*, 2024 WL 4263775, at *4, by covering "factual and legal developments the relevance of which have long since passed," *id.* at *6. In our review, there

was sufficient support in the record for the district court to conclude that Appellants' claims fail on mootness grounds or for lack of standing considering *Gjoci II* and *Goodluck*. Appellants' supplemental information would not have changed that status. Therefore, the district court's decision to deny supplemental briefing was well within its broad discretion.

**D.**

Finally, during oral argument, counsel conveyed to the court No-Visa Appellants' concerns regarding their unadjudicated DS-260s. Specifically, counsel illustrated how the still pending DS-260s would create impediments for No-Visa Appellants if, for example, they applied for a non-immigrant visa and had to appear for an interview at a consulate. In this regard, counsel elaborated that a pending DS-260 would automatically result in the denial of the non-immigrant visa application based on the doctrine of preconceived intent to immigrate and the presumption of status set forth in 8 U.S.C. § 1184.[2] Moreover, No-Visa Appellants with their unadjudicated DS-260s would have difficulty answering questions regarding the status of their applications. Accordingly, counsel requested that the court instruct the State Department to post a notice announcing that all pending DS-260s for the FY2021 DV Program are expired, because all that No-Visa Appellants sought at this point was assurance that their pending DS-260s would not affect their ability to apply for visas in the future.

---

[2] Preconceived intent is a term used to describe a non-immigrant who enters the United States on a temporary basis but has the intent to remain permanently. *See, e.g.*, *Choe v. INS*, 11 F.3d 925, 928–30 (9th Cir. 1993). Section 1184(b) "provides that every alien shall be presumed to be an immigrant until he establishes that he is a non[-]immigrant." *Veneracion v. INS*, 791 F.2d 778, 779 (9th Cir. 1986) (citing 8 U.S.C. § 1184(b)).

Between *Gjoci II*, *Goodluck*, and the relevant statutory law, diversity immigrant visa eligibility terminates at the end of the fiscal year. Thus, for applicants submitting DS-260s for the FY2021 DV Program, their visa eligibility terminated on September 30, 2021. We do not believe there is anything that we can do regarding the unadjudicated DS-260s from FY2021. Simply, an unadjudicated DS-260 does not create a justiciable issue for this court. Nevertheless, based on the representations of counsel for the government, there is nothing preventing an individual with an unadjudicated DS-260 from applying for a diversity immigrant visa or another type of visa in a subsequent year. Therefore, No-Visa Appellants' unadjudicated DS-260s should not impede them from filing visa applications in the future.

\*\*\*\*\*

For these reasons, we affirm the district court's judgment dismissing all Appellants' claims and denying their motion for leave to file supplemental briefing.

*So ordered.*